UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD LAMONT DAVIS,

        Plaintiff,            Case No. 1:15-cv-19

v.                                   Honorable Janet T. Neff

DANIEL H. HEYNS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Beckwith and Stepp. The Court will serve the complaint against Defendants Heyns, Finco, Leach, Hoffner, Tompkins and Aramark.

**Discussion**

I.   Factual allegations

Plaintiff Ronald L. Davis presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Lakeland Correctional Facility (LCF). He sues MDOC Director Daniel H. Heyns, MDOC Deputy Director Thomas Finco, and MDOC Special Activities Coordinator David M. Leach, together with the following LCF employees: Warden Bonita Hoffner; Deputy Warden Linda Beckwith; Chaplain Don. A. Tompkins; and Grievance Coordinator T. Stepp. Plaintiff also sues Aramark, the company that has contracted with the MDOC to provide food services withint the prison system.

Plaintiff alleges that he has been approved for a halal diet since 2002, because he is a practicing Muslim. On July 16, 2013, Defendants allegedly put into practice the new MDOC policy governing religious diets. *See* MICH. DEP'T OF CORR., Policy Directive 05.03.150. All religious diets are met through the strict vegetarian alternative diet. Plaintiff alleges that his understanding of his Islamic faith requires him to eat all of the foods approved by Allah, including meats from sanctioned animals that are properly slaughtered. He asserts that Defendants are violating his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc–1(a), by forcing him to eat a strict vegetarian diet. In addition, Plaintiff alleges that, by forcing him to eat a strict vegetarian diet appropriate for Buddhists, Defendants are discriminating against him in violation of the Equal Protection Clause. Finally, Plaintiff claims that Defendants' actions violate the Michigan Constitution.

For relief, Plaintiff seeks injunctive relief, together with compensatory and punitive damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's only allegations against Defendants Stepp and Beckwith are that they denied his grievances concerning the alleged violations. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Stepp and Beckwith engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to warrant service on the remaining Defendants.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Stepp and Beckwith will be dismissed for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Heyns, Finco, Leach, Hoffner, Tompkins, and Aramark.

An Order consistent with this Opinion will be entered.


Dated:  February 26, 2015              /s/ Janet T. Neff
                                       Janet T. Neff
                                       United States District Judge