UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DAVIS #223815,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                                    Case No. 1:15-cv-19

DANIEL HEYNS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (Dkt. #12), and Defendant's Motion for Summary Judgment, (Dkt. #25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **granted**.

## BACKGROUND

Plaintiff alleges the following his complaint. (Dkt. #1). Plaintiff is a practicing Muslim who was first approved to participate in a halal diet in 2002. On July 16, 2013, the Michigan Department of Corrections enacted a new policy concerning the provision to prisoners of religious diets. Pursuant to this new policy, "[a]ll religious diets are met through the strict vegetarian alternative diet." Plaintiff's faith, however, requires him to "eat all of the foods approved by Allah, including meats from sanctioned animals that are properly slaughtered." By "forcing" Plaintiff to eat a strict vegetarian diet, Defendants are violating Plaintiff's rights under both state and federal law. Plaintiff initiated this action against Aramark, an entity that apparently was responsible for certain food service activities, and seven

individuals. Plaintiff's claims against two of the individual defendants have since been dismissed. The remaining defendants now move for summary judgment on the ground that Plaintiff has failed, with two limited exceptions, to properly exhaust the claims in his complaint.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of

the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth

Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The grievance policy provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R. The prisoner must submit the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

Plaintiff concedes that "[t]here are only two applicable grievances filed by the plaintiff in this litigation and they are LCF-14-06-0717-20e and LCF-14-05-0626-28b." (Dkt. #17 at

PageID.136). The question, therefore, becomes the extent to which these two grievances exhaust the claims in Plaintiff's complaint.

### A.   Grievance LCF-14-06-0717-20e

Plaintiff initiated this grievance on June 13, 2014, alleging that the failure by prison officials to accede to his religious dietary requests violated his "constitutionally protected rights of freedom of religion." (Dkt. #13 at PageID.114). Defendants concede that Plaintiff pursued this grievance through all three steps of the grievance process. (Dkt. #13 at PageID.112-14). The dispute regarding this grievance concerns against whom the grievance has properly been asserted.

Defendants Tompkins and Leach concede that this grievance was asserted against them, but the remaining Defendants assert that this grievance fails to properly exhaust, as to them, any of the claims asserted therein. Plaintiff responds that this grievance was also properly asserted against Defendants Finco and Hoffner. Plaintiff's argument is based on the fact that the grievance makes reference to Defendants Tompkins, Leach, Finco, and Hoffner and their alleged deficient conduct regarding Plaintiff's request for a religious diet accommodation. (Dkt. #13 at PageID.114). Generally speaking, Plaintiff's argument might very well carry the day. However, Plaintiff's argument overlooks one salient fact, namely that this grievance contains, in the introductory paragraph, the following statement:

> This grievance is against the LCF chaplin (sic) D. Tompkin, David M. Leach A/special activities coordinator for the MDOC & all other unknown parties who's (sic) names I don't know at this point who are involved in this matter.

(Dkt. #13 at PageID.114).

Considering that Plaintiff expressly identifies in his grievance against whom it is asserted, Defendants Tompkins and Leach, his argument that the grievance was also asserted against Defendants Finco and Hoffner is unpersuasive. Moreover, as these individuals were known to Plaintiff when he submitted this grievance, he cannot argue that Defendants Finco and Hoffman are encompassed by the reference in his grievance to "unknown parties." Accordingly, the Court finds that this grievance properly exhausts, as to Defendants Tompkins and Leach only, Plaintiff's claim that the denial of his request for a religious diet accommodation violated his First Amendment right to freedom of religion.

B.  Grievance LCF-14-05-0626-28b

Plaintiff filed this grievance on May 22, 2014, against Aramark Director, T. Miller, and Defendant Finco. (Dkt. #13 at PageID.123). This grievance likewise alleges that his requests for a religious diet accommodation were improperly denied. (Dkt. #13 at PageID.123). This grievance was denied at Step I on the ground that it was "vague" and contained "extraneous information." (Dkt. #13 at PageID.123). This was not an unreasonable determination and is consistent with MDOC grievance policy. *See* Mich. Dep't of Corr., Policy Directive, 03.02.130 ¶ G. This determination was upheld at Steps II and III of the grievance process. (Dkt. #13 at PageID.121-23). Accordingly, this grievance fails to exhaust any of the claims asserted in Plaintiff's complaint.

In sum, the Court concludes that Plaintiff has properly exhausted only his claims against Defendants Tompkins and Leach that the denial of his request for a religious diet accommodation violated his First Amendment right to freedom of religion. The Court concludes that Plaintiff's other remaining claims must be dismissed for failure to properly exhaust administrative remedies.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (Dkt. #12), be granted; and <u>Defendant's Motion for Summary Judgment</u>, (Dkt. #25), be granted.  Specifically, the undersigned recommends that Plaintiff's remaining claims be dismissed for failure to exhaust administrative remedies, save his claims against Defendants Tompkins and Leach, articulated in Grievance LCF-14-06-0717-20e, that the denial of his request for a religious diet accommodation violated his First Amendment right to freedom of religion.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  February 11, 2016              /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      United States Magistrate Judge