UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAMONT DAVIS,

    Plaintiff,

v

DANIEL H. HEYNS, et al.,

    Defendants.

_____/

Case No. 1:15-cv-19

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against various employees and officials of the Michigan Department of Corrections (MDOC) and Defendant Aramark, a private food service contractor that serves meals at the MDOC. Plaintiff referenced two grievances—Grievance LCF-14-05-0626-28b and Grievance LCF-14-06-0717-20e—and attached them to his Complaint (Compl., Dkt 1 at PageID.10-11, Exs. 7 & 10). Plaintiff's claims against two of the individual defendants were dismissed on screening for failure to state a claim (Op. & Order, Dkts 4 & 5). The remaining defendants filed dispositive motions, arguing in pertinent part that Plaintiff failed, with two limited exceptions, to properly exhaust the claims in his complaint (Dkts 12 & 25). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that both motions be granted. Specifically, the Magistrate Judge recommended that Plaintiff's claims be dismissed for failure to exhaust administrative remedies, save his claims against Defendants Tompkins and Leach, articulated in Grievance

LCF-14-06-0717-20e, that the denial of his request for a religious diet accommodation violated his First Amendment right to freedom of religion (R&R, Dkt 30 at PageID.312).

The matter is presently before the Court on Plaintiff's three objections to the Report and Recommendation (Dkt 31). Defendant Aramark filed a response to Plaintiff's objections (Dkt 32). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I

Defendant Aramark filed a "Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6)" (Dkt 25), arguing, in pertinent part, that Plaintiff's claims against it should be dismissed for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) (*id.* at PageID.172-175). Defendant Aramark pointed out that Plaintiff's Grievance LCF-14-05-0626-28b against T. Miller, Aramark's food service director at Lakeland Correctional Facilities (LCF), was rejected at Step I for being "vague" and including "extraneous information," a decision that was upheld at Steps II and III of the grievance process (*id.* at PageID.175; Ex. 7 to Pl.'s Compl., Dkt 1-1 at PageID.44-46). Defendant Aramark also noted that Plaintiff had only "generically identified 'Aramark'" in the grievance and did not name Miller as a defendant in the suit at bar (Dkt 25 at PageID.175).

Plaintiff filed a response to Defendant Aramark's motion, asserting that the failure-to-exhaust-administrative-remedies affirmative defense may not be raised by a motion to dismiss as a plaintiff has no obligation to plead exhaustion (Dkt 26 at PageID.250). Plaintiff nonetheless also argued that "the grievance in question named T. Miller in her official capacity as a[n] Aramark employee" (*id.* at PageID.252-253).

2

Defendant Aramark filed a reply, maintaining that the grievance documents are pleadings subject to a motion to dismiss where Plaintiff submitted the grievance documents with his Complaint (Dkt 27 at PageID.289). Alternatively, Defendant Aramark argued that to the extent a motion for failure to exhaust administrative remedies is to be brought as a motion for summary judgment, the Court may treat Aramark's motion as one for summary judgment and "Plaintiff's failure to respond substantively to Defendant's argument entitles Defendant Aramark to dismissal for failure to exhaust administrative remedies" (*id.* at PageID.289-290).

In resolving Defendant Aramark's motion, the Magistrate Judge recited only the standard for reviewing summary judgment motions and referred to Defendant Aramark's "Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6)" (Dkt 25) as a motion for summary judgment (R&R, Dkt 30 at PageID.305-308, 312). The Magistrate Judge framed the pivotal question as "the extent to which these two grievances exhaust the claims in Plaintiff's complaint," determined that the pertinent grievance failed to exhaust "any of the claims asserted in Plaintiff's complaint," and recommended dismissal of Plaintiff's remaining claims, save his claims against Defendants Tompkins and Leach (*id.* at PageID.310-312).

Now, in his first objection to the Report and Recommendation, Plaintiff argues that the Magistrate Judge erred in "look[ing] at the sufficiency of the evidence presented" and "failed to even inform the plaintiff that she was turning the defendant Aramark's motion to dismiss into a motion for summary judgment" (Pl. Obj., Dkt 31 at PageID.313-314).

In response to Plaintiff's objection, Defendant Aramark argues that Plaintiff cannot establish that the Magistrate Judge erred where (1) converting a Rule 12(b)(6) motion to one for summary judgment is expressly permitted by FED. R. CIV. P. 12(d); and (2) Plaintiff filed a response to

3

Aramark's motion in which Plaintiff referenced the various matters outside the pleadings that were submitted with Aramark's motion (Def. Resp., Dkt 32 at PageID.332). According to Aramark, Plaintiff "had (and utilized) the opportunity to challenge and present materials pertinent to the motion" (*id.*).

Plaintiff's objection is properly denied.

"Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense ... is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bradfield v. Corr. Med. Servs.*, No. 1:07-cv-1016, 2008 WL 5685586, at *3 (W.D. Mich. July 3, 2008) report and recommendation adopted, No. 1:07-CV-1016, 2009 WL 514251 (W.D. Mich. Feb. 27, 2009) (quoting *Bryant v. Rich*, 530 F.3d 1368, 2008 WL 2469405 at *4 (11th Cir. June 20, 2008)). *See also Price v. Palmer*, No. 1:09-cv-172, 2009 WL 5219727, at *2 (W.D. Mich. Dec. 31, 2009) (collecting cases in support of the proposition that courts may take judicial notice of a plaintiff's grievance filings for purposes of deciding a motion to dismiss).

However, Plaintiff's argument does not reveal that a disposition different from the Magistrate Judge's recommendation is warranted. The Magistrate Judge correctly framed the pivotal question as "the extent to which these two grievances exhaust the claims in Plaintiff's complaint" (R&R, Dkt 30 at PageID.310). Further, the Magistrate Judge did not shift the burden of proof in resolving the exhaustion issue but declared that prisoners are not required to demonstrate exhaustion in their complaints and that the failure to exhaust administrative remedies is an affirmative defense that a defendant bears the burden of establishing (*id.* at PageID.308). The Magistrate Judge examined the

grievances attached to Plaintiff's complaint, determined that Grievance LCF-14-05-0626-28b failed to exhaust "any of the claims asserted in Plaintiff's complaint," and recommended dismissal of Plaintiff's remaining claims, save his claims against Defendants Tompkins and Leach (*id.* at PageID.311-312). Plaintiff's objection therefore fails to demonstrate that a disposition other than the Magistrate Judge's recommendation is warranted. Accordingly, the objection is denied.

## II

Plaintiff's second objection concerns Grievance LCF-14-06-0717-20e. Plaintiff argues that the Magistrate Judge erred in recommending the Court grant summary judgment in favor of Defendant Finco (Pl. Obj., Dkt 31 at PageID.314). According to Plaintiff, "[e]ven though the plaintiff states within his grievance that it is against Tompkins and Leach, it still does not negate the fact that the MDOC grievance policy only requires that the plaintiff must simply place the name of the defendant Finco within the 1st step of the grievance process along with the description of how he was involved in the matter being grieved and the plaintiff has in fact done this" (*id.* at PageID.315). Plaintiff opines that the Magistrate Judge has, "in essence, placed a hurdle in the way of the plaintiff that does not exist" (*id.*).

Plaintiff's objection merely reiterates the argument he made to the Magistrate Judge. As the Magistrate Judge pointed out, Plaintiff's argument overlooks the import of Plaintiff specifically indicating that "[t]his grievance is against the LCF chaplin [sic] D. Tompkin, David M. Leach A/special activities coordinator for the MDOC & all other unknown parties who's [sic] names I don't know at this point who are involved in this matter" (R&R, Dkt 30 at PageID.310, quoting Ex. 10 to Pl.'s Compl., Dkt 1-1 at PageID.53). Further, the Magistrate Judge pointed out that as Defendant Finco was known to Plaintiff when he submitted the grievance, he cannot plausibly argue that

Defendant Finco is encompassed by the reference in his grievance to "unknown parties" (*id.* at PageID.311). Plaintiff's objection fails to identify any factual or legal error in the Magistrate Judge's analysis, only his disagreement with the Magistrate Judge's conclusion. Accordingly, the objection is denied.

### III

Plaintiff's last objection concerns Grievance LCF-14-05-0626-28b. Relying on the decision in *Wayne v. Heyns*, No. 13-cv-14495, 2015 WL 736329, at *6 (E.D. Mich. Feb. 20, 2015), Plaintiff argues that "just because the plaintiff's grievance was labeled vague does not negate the fact that it has still been properly exhausted and therefore all of the claims asserted in the plaintiff's complaint that has ties to this grievance should be accepted as having exhausted all administrative remedies as to all the defendants named within the body of this grievance (i.e., the defendants Finco and Aramark)" (Pl. Obj., Dkt 31 at PageID.317).

Defendant Aramark responds that in the grievance at issue, Plaintiff did not allege that either Aramark or Miller caused any violation, just that he was being "coerced into being a vegetarian" (Dkt 32 at PageID.335, quoting Ex. 7 to Pl.'s Compl., Dkt 1-1 at PageID.44). Aramark argues that the Magistrate Judge therefore correctly determined that Plaintiff's grievance, unlike the grievance in *Wayne*, fails to demonstrate "who, what, when, where, why, how" and consequently fails to exhaust any of the claims asserted in Plaintiff's complaint (*id.*).

Plaintiff's objection lacks merit for the reasons stated by Defendant Aramark. Accordingly, the objection is denied.

Having determined that Plaintiff's three objections are properly denied, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Further, because this

action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 31) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 30) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 12) and Defendant Aramark's Motion to Dismiss (Dkt 25) are GRANTED for the reasons stated in the Report and Recommendation; specifically, Plaintiff's remaining claims are dismissed for failure to exhaust administrative remedies, save his claims against Defendants Tompkins and Leach, articulated in Grievance LCF-14-06-0717-20e, that the denial of his request for a religious diet accommodation violated his First Amendment right to freedom of religion.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.


Dated: March 11, 2016               /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge