UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L. DAVIS,

    Plaintiff,

v.

                                    Case No. 1:15-cv-19

                                    HON. JANET T. NEFF

DANIEL H. HEYNS, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's Religious Land Use and Institutionalized Persons Act (RLUIPA), First Amendment, Equal Protection Clause, and various state law claims alleging failure by Defendants to accede to his religious dietary requests while incarcerated (Dkt 1). Defendants filed a motion for summary judgment (Dkt 50). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendants' motion be granted (Dkt 56). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 57). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents fifteen objections to the Magistrate Judge's Report and Recommendation. The Court will consider each of Plaintiff's objections, in turn, and in the order and format presented by Plaintiff.

## I. OBJECTIONS

### A. RLUIPA

***Plaintiff's First Objection.***   Plaintiff argues that the Magistrate Judge's RLUIPA conclusion is contrary to law (Pl. Obj., Dkt 57 at PageID.536).  Plaintiff's basis for this argument is that Defendants' "evidence and/or facts . . . should not have been given more weight then [*sic*] the Plaintiffs [*sic*] verified complaint inwhich [*sic*] according to Federal Rules and Civil Procedures Rule 8(b)(6) should be considered as undisputed facts because the Defendants never denied any of the allegations with in [*sic*] the complaint" (*id.*).

Plaintiff's objection fails because the premise is inaccurate.  According to 42 U.S.C. § 1997(e), "any defendant may waive the right to reply to any action brought by a prisoner confined in jail, prison, or other correctional facility," and "such waiver shall not constitute an admission of the allegations contained in the complaint under section 1983 of this title or any other Federal law."  42 U.S.C. § 1997(e)(g)(1).  A court may require a defendant to reply to a complaint.  42 U.S.C. § 1997(e)(g)(2).  However, the Magistrate Judge did not require Defendants to file a response to Plaintiff's complaint in this case (Dkt 15 at PageID.130). Defendants waived the right to reply to Plaintiff's complaint when replies were not filed by Defendants.  Under 42 U.S.C. § 1997(e)(g)(1), Defendants' waiver is not deemed an admission of Plaintiff's allegations within the complaint.  Therefore, the Magistrate Judge's analysis was not contrary to law when she considered both Defendants' and Plaintiff's evidence and facts. Plaintiff's objection is denied.

***Plaintiff's Second Objection.***   Next, Plaintiff argues that the Magistrate Judge erred when she did not "accept[] Plaintiff's undisputed allegations that he is commanded by Allah and the Prophet Muhammad (PBUH) to eat meat and that if he does not adhere to this command that

2

it takes him out of the fold of Islam for being disobedient" (Pl. Obj., Dkt 57 at PageID.538). Plaintiff's basis for this argument is again, that Defendants failed to file a response to Plaintiff's complaint and affidavit and that Defendants therefore admitted Plaintiff's allegations contained therein (*id.*).

Plaintiff's second objection fails for the same reasons stated *supra*. Plaintiff's objection is denied.

***Plaintiff's Third Objection.*** Plaintiff argues that the Magistrate Judge erred when she determined that a Halal meal does not require specific menu items of Plaintiff's choice (Pl. Obj., Dkt 57 at PageID.539). Plaintiff's basis for this argument is that the Magistrate Judge relied on case law instead of Plaintiff's complaint, affidavit, and deposition (*id.*).

Plaintiff's objection fails because the premise is inaccurate. Plaintiff's complaint (Dkt 1), affidavit (Dkt 52), and deposition (Dkt 51-3) are largely based on interpretations of the Quran. The United States Supreme Court has held that "courts are not arbiters of scriptural interpretation." *Thomas v. Rev. Bd. of Indiana Empl. Sec. Div.*, 450 U.S. 707, 716 (1981). Judicial review considers "the facts as found and conclusions are drawn." *Id.* The Magistrate Judge determined that Defendants offered Plaintiff a vegan meal option (Dkt 56 at PageID.528). The Magistrate Judge concluded that Defendants' vegan meal option is, in fact, Halal, even though it does not contain Plaintiff's specific menu items (*id.*). The Magistrate Judge's conclusions are based on law (Dkt 56 at PageID.528). The Sixth Circuit has "explicitly held that vegetarian meals are, in fact, Halal." *Robinson v. Jackson*, 615 F. App'x 310, 313 (6th Cir., June 15, 2015). Additionally, the Sixth Circuit also determined that if a prisoner "is not being denied Halal meals," then the prisoner "fails to state a claim as a matter of law under RLUIPA." *Id.* at

3

314.  Therefore, Plaintiff has not demonstrated any error in the Magistrate Judge's legal analysis or conclusion.  Plaintiff's objection is denied.

***Plaintiff's Fourth Objection.***  Plaintiff argues that the Magistrate Judge erred when she concluded that Defendants' decision "to accommodate the religious dietary needs of thousands of prisoners by providing a vegan menu option satisfies RLUIPA" (Pl. Obj., Dkt 57 at PageID.539-540).  Plaintiff's basis for this argument is that "Defendants have not presented this argument nor is it supported by any evidence on [sic]the recorded [sic]" (*id.* at PageID.539).

Plaintiff's objection fails because the premise is inaccurate.  In Defendants' brief in support of their motion for summary judgment, Defendants stated that the "MDOC provides Davis with nutritionally sound meals that do not require him to eat food that is haram" (Def. Br., Dkt 51 at PageID.433).  Defendants also stated that the "MDOC provides Davis with a meal that does not violate the tenants [sic] of his religion" (*id.* at PageID.435).  Finally, Defendants stated that the MDOC's "religious meal is not a substantial burden on Davis' religion" (*id.* at PageID.433).  Defendants cite 18 U.S.C. § 3626(a)(2), which provides that "the court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system . . . " (*id.* at PageID.435).  Defendants identified the "increased costs associated with providing Halal meat system-wide," which would force the MDOC "to expend incredibly scarce resources to provide meals" with Halal meat (Def. Br., Dkt 51 at PageID.435).  The Magistrate Judge considered the record before granting summary judgment on Plaintiff's RLUIPA claims. Defendants' argument was preserved for review, and Plaintiff has not demonstrated any error in the Magistrate Judge's analysis.  Plaintiff's objection is denied.

## B. First Amendment

***Plaintiff's First Objection.***   Plaintiff argues that Defendants are coercing Plaintiff to practice a "virtually" "new religion" aside from Islam (Pl. Obj., Dkt 57 at PageID.540).

Plaintiff's argument improperly raises a new issue on objection. Neither Plaintiff's complaint (Dkt 1) nor his opposition to Defendants' motion for summary judgment (Dkt 52) presented this issue; hence, the Magistrate Judge did not address this issue. Because the Magistrate Judge did not have an opportunity to address this issue, the Court deems this issue waived. *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *United States v. Water*, 158 F.3d 933, 936 (6th Cir. 1998) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.").

Even if Plaintiff's argument were not waived, the argument does not compel a different resolution. In Defendants' brief in support of their motion for summary judgment, Defendants stated that the "MDOC developed the religious diet to accommodate all religions" (Def. Br., Dkt 51 at PageID.430). Defendants also stated that the MDOC provides Plaintiff with "meals that do not require him to eat food that is haram" (*id.* at PageID.433). Plaintiff's mere assertion does not suffice to demonstrate that Defendants intended to create a new religion by offering a vegan menu option. Plaintiff's objection is denied.

***Plaintiff's Second Objection.***   Plaintiff argues that the Magistrate Judge's First Amendment conclusion is contrary to law (Pl. Obj., Dkt 57 at PageID.540). Plaintiff's basis for

this argument is that "Defendants have not presented to this Court evidence that what they are doing to the Plaintiff is reasonably related to a legitimate penological interest" (*id.*).

Plaintiff's objection fails because the premise is inaccurate. In Defendants' brief in support of their motion for summary judgment, Defendants identified "increased costs associated with providing Halal meat" as its penological interest (Def. Br., Dkt 51 at PageID.435). The Sixth Circuit recognizes that controlling costs of special religious diets for prisoners is a legitimate penological interest. *Berryman v. Granholm*, 343 F. App'x 1, 6 (6th Cir. 2009). The Magistrate Judge relied on well-recognized law when she concluded that Defendants' serving of a "single vegan menu option" is "eminently reasonable" in controlling costs (Dkt 56 at PageID.532). Therefore, Plaintiff has not demonstrated any error in the Magistrate Judge's conclusion. Plaintiff's objection is denied.

***Plaintiff's Third Objection.*** Plaintiff argues that the Magistrate Judge erred when she concluded that Defendants had a valid penological reason for declining Plaintiff's special religious meal request (Pl. Obj., Dkt 57 at PageID.541). Plaintiff's basis for this argument is that "Plaintiff is only asking that the Defendants provide him with the Halal diet that they said that they would provide him with and that is with a [*sic*] Islamic Halal meal that does not violate his religious dietary tenets" (*id.* at PageID.541).

Plaintiff's objection fails because Plaintiff identifies no evidence that Defendants agreed to provide Plaintiff with a Halal diet that is an "Islamic Halal meal that does not violate his religious dietary tenets." In Plaintiff's complaint, Plaintiff stated that an Islamic Halal meal that does not violate his religious dietary tenets must include Halal meat (Dkt 1 at PageID.8-9, 50). Plaintiff requested Defendants provide him with a special religious meal containing Halal meat (*id.* at PageID.46-54). Contrary to Plaintiff's objection, Plaintiff's complaint evidences that

Defendants denied Plaintiff's request for a special religious meal containing Halal meat (Dkt 1-1 at PageID.46, 49-54). Plaintiff has not demonstrated any agreement by Defendants to provide Plaintiff with anything other than a vegan menu option. Plaintiff's objection is denied.

***Plaintiff's Fourth Objection.*** Plaintiff argues that the Magistrate Judge erred when she granted Defendants' motion for summary judgment regarding Plaintiff's First Amendment claims (Pl. Obj., Dkt 57 at PageID.541-52). Plaintiff's basis for this argument is that Defendants are not entitled to qualified immunity because Plaintiff, "based solely on the evidence presented by Plaintiff," "proved that the Defendants were not entitled to qualified immunity of his claims under the First Amendment" (*id.*).

Plaintiff appears to misunderstand the qualified immunity analysis. The Magistrate Judge concluded that Plaintiff had not demonstrated a violation of his First Amendment right. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). *See also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (describing the discretion afforded a court in analyzing qualified immunity). Plaintiff's objection therefore reveals no error in the Magistrate Judge's analysis. Plaintiff's objection is denied.

***Plaintiff's Fifth Objection.*** Plaintiff argues that the Magistrate Judge erred when she concluded that "the vegan menu option, from which Plaintiff has been approved to eat, satisfies the requirement that Plaintiff eat Halal" (Pl. Obj., Dkt 57 at PageID.542). Plaintiff's basis for this argument is that the Magistrate Judge "has no evidence in support of it presented to this Court from the Defendants in anytype [*sic*] of way" (*id.*).

Plaintiff's objection fails because the premise is inaccurate. In Defendants' brief in support of their motion for summary judgment, Defendants stated that the "MDOC provides

7

Davis with nutritionally sound meals that do not require him to eat food that is haram" (Def. Br., Dkt 51 at PageID.433). Defendants also stated that the "MDOC provides Davis with a meal that does not violate the tenants [*sic*] of his religion" (*id.*) Plaintiff does not deny that Defendants provide a vegan menu option on the religious meal line. Defendants approved Plaintiff's request to participate in the religious meal line. Again, the Sixth Circuit has "explicitly held that vegetarian meals are, in fact, Halal." *Robinson*, 615 F. App'x at 313. The Magistrate Judge considered the facts and concluded that the vegan menu option satisfies the requirement that Plaintiff eat Halal. Plaintiff's objection does not reveal that the Magistrate Judge erred in reaching her conclusion. Plaintiff's objection is denied.

***Plaintiff's Sixth Objection.*** Plaintiff argues that the Magistrate Judge erred when she determined that "affording Plaintiff an individualized diet could engender resentment among other prisoners who are not afforded such an individualized diet and, therefore, implicate legitimate security concerns" (Pl. Obj., Dkt 57 at PageID.543). Plaintiff's basis for this argument is that Defendants provide prisoners with "individualized diet through health care" with no security concerns; therefore, providing Plaintiff with an individualized religious diet would not cause resentment or security concerns (*id.*)

Plaintiff's objection does not reveal any error in the Magistrate Judge's analysis of the factors that are relevant in determining the reasonableness of a challenged prison regulation (Dkt 56 at PageID.529-532, citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)). Therefore, Plaintiff's argument does not compel a resolution other than the recommendation by the Magistrate Judge. Plaintiff's objection is denied.

### C. Equal Protection

*Plaintiff's First Objection.* Plaintiff argues that the Magistrate Judge is "biased towards the Plaintiff" because she concluded that Defendants' vegan menu option is an attempt to accommodate the religious needs of prisoners, not to discriminate against said prisoners (Pl. Obj., Dkt 57 at PageID.543-544). Plaintiff's basis for this argument is that the Magistrate Judge relied on evidence not in the record (*id.* at PageID.544).

Plaintiff's objection fails because Plaintiff's premise is inaccurate. As stated *supra*, Defendants were not required to reply to Plaintiff's complaint (Dkt 15 at PageID.130). 42 U.S.C. § 1997(e)(g)(1). Moreover, in Defendants' brief in support of their motion for summary judgment, Defendants stated that the "MDOC developed the religious diet to accommodate all religions" (Def. Br., Dkt 51 at PageID.430). Defendants also submitted that "providing a religious diet that satisfies prisoners of multiple faiths, has sufficient calories, and is nutritionally sound does not amount to purposeful discrimination" (*id.*). The Magistrate Judge considered the facts in evidence and concluded that Defendants intended to accommodate the religious needs of thousands of prisoners, not to discriminate against said prisoners, including Plaintiff. Plaintiff objection does not reveal any bias in the Magistrate Judge's Equal Protection analysis. Further, Plaintiff's argument lacks merit because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994). Plaintiff's objection is denied.

*Plaintiff's Second Objection.* Plaintiff argues that the Magistrate Judge erred when she granted Defendants' motion for summary judgment regarding Plaintiff's Equal Protection claims (Pl. Obj., Dkt 57 at PageID.546). Plaintiff's basis for this argument is that Defendants proffered no evidence that the vegan menu complies with Halal religious tenets (*id.* at 545-46).

Plaintiff's argument reveals his misreading of the Magistrate Judge's Report and Recommendation. In the Report and Recommendation, the Magistrate Judge referenced a holding from the U.S. District Court in the Eastern District of Michigan: implementation by the MDOC of a vegan menu option which "complies with Kosher and Halal religious tenets . . . suggests an intent to accommodate Plaintiffs' religious beliefs, not to discriminate against Plaintiffs on the basis of religion or to impose a substantial burden on their beliefs" (Dkt 56 at PageID.534, quoting *Stornello v. Heyns*, 2013 WL 6842561, at *5 (E.D. Mich., Dec. 27, 2013)). It appears from Plaintiff's objection that he believes this statement to be the Magistrate Judge's conclusion. It is not. The Magistrate Judge merely relied upon the guidance of other courts, including the U.S. District Court in the Eastern District of Michigan, when she considered Defendants' motion for summary judgment. The Magistrate Judge granted summary judgment because Plaintiff "presented no evidence that any similarly situated prisoner has requested and obtained a religious diet substantially similar to that requested by Plaintiff" (*id.*). Plaintiff's objection reveals no error by the Magistrate Judge in granting summary judgment regarding Plaintiff's Equal Protection claims. Plaintiff's objection is denied.

***Plaintiff's Third Objection.*** Plaintiff argues that the Magistrate Judge erred when she granted Defendants' motion for summary judgment regarding Plaintiff's Equal Protection claims (Pl. Obj., Dkt 57 at PageID.546). Plaintiff's basis for this argument is that Plaintiff properly defended Defendants' request for qualified immunity (*id.* at 546-47).

Again, Plaintiff's objection fails because Plaintiff appears to misunderstand the qualified immunity analysis. The Magistrate Judge granted summary judgment regarding Plaintiff's Equal Protection claims based on Plaintiff's lack of evidence showing that "any similarly situated prisoner has requested and obtained a religious diet substantially similar to that requested by

Plaintiff" (Dkt 56 at PageID.534). "[I]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. Plaintiff's objection is therefore denied.

### D.  State Law Claims

*Plaintiff's First Objection.*  Plaintiff argues that the Magistrate Judge erred when she recommended dismissal of Plaintiff's state law claims (Dkt 57 at PageID.547). Plaintiff provides no basis for this argument.

Plaintiff's objection fails because this Court may decline supplemental jurisdiction over state law claims if all claims over which this Court has jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Taylor v. First of America Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Plaintiff's objection is denied.

### E.  Conclusion

*Plaintiff's Final Objection.*  Plaintiff argues that "there is a clear dispute on several genuine issues as to the material facts within this litigation in which as a matter of law must be presented to a jury for them to decide the outcome of the matter" (Dkt 57 at PageID.547). Plaintiff's basis for this argument is that a "strict vegan menu . . . is not Islamicly Halal;" therefore, Defendant's strict vegan menu "violates Plaintiff's religious dietary obligations" (*id.*).

The Court considered each of Plaintiff's objections contained herein and denied each in turn. Plaintiff's final objection is similarly denied for the reasons previously stated.

## II.  CONCLUSION

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court and will decline to exercise supplemental jurisdiction over Plaintiff's

remaining state-law claims. Because this Opinion and Order resolves all pending claims in this matter, a corresponding Judgment will also enter. *See* FED. R. CIV. P. 58. Last, because this action was filed *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 57) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 56) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 50) is GRANTED.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 1367(c)(3), that this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, and the state-law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: February 28, 2017                           /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge